## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **NICHOLAS FITTS,** | ) |
| | ) |
|       **Plaintiff,** | )   **CIVIL ACTION NO. _____** |
| | ) |
| v. | )   **COMPLAINT** |
| | ) |
| **DIEUSON OCTAVE a/k/a** | ) |
| **BILL K. KAPRI p/k/a** | ) |
| **KODAK BLACK,** | ) |
| | ) |
|       **Defendant.** | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Nicholas Fitts ("Fitts"), by and through undersigned counsel, and hereby files this complaint against Defendant Dieuson Octave a/k/a Bill K. Kapri p/k/a Kodak Black ("Kodak Black" or "Defendant"), alleging the following upon information and belief:

## PRELIMINARY STATEMENT

This is a breach of contract case stemming from Kodak Black's failure to perform three distinct contracts executed with Fitts. Fitts has suffered both monetary and non-monetary damages in excess of $500,000, and seeks relief in this Court. Furthermore, the parties have agreed to hear any dispute arising from their multiple contracts in this Court, pursuant to the laws of Arizona.

## DIVERSITY OF JURISDICTION

1. Complete jurisdiction exists in this matter, as Fitts is a citizen of the State of New York, and Defendant is a citizen of Florida. The amount in question is in excess of $75,000.

## VENUE

2. Venue is proper in this court because the parties have consented, pursuant to the contracts underlying this controversy, to settling this dispute in the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff Nicholas Fitts is a citizen of the State of New York.

4. Defendant Kodak Black is a rapper and songwriter, and, upon information and belief, a citizen of the State of Florida.

## FACTUAL BACKGROUND

5. On January 1, 2017, Fitts and Kodak Black executed a Talent Engagement Agreement (the "First Agreement").

6. The First Agreement was for Kodak Black to perform on March 3, 2017, as the headlining artist at the Main Street Armory, located in Rochester, New York (the "March 3 Show").

7. Kodak Black never appeared or performed at the March 3 Show, in breach of the First Agreement.

8. Subsequently, Fitts and Kodak Black executed a second Talent Engagement Agreement (the "Second Agreement") for a "makeup date," pursuant to which Kodak Black was to perform on April 15, 2017 (the "April 15 Show"), as the headlining artist at the Blue Cross Arena, located in Rochester, New York.

9. Kodak Black never performed at the April 15 Show, in breach of the Second Agreement.

10. In an effort to amicably resolve the matter and minimize the financial impact on all parties, Fitts scheduled a show in Rochester for a third time (the "Third Agreement"), executing an agreement with Kodak Black to perform on April 29, 2017 (the "April 29 Show").

11. Kodak Black never performed the Third Show, in breach of the terms of the Third Agreement.

12. Due to Defendant's actions, Fitts has suffered tremendous damage to his reputation and the goodwill associated with his name as a concert promoter.

13. Pursuant to the terms required by Kodak Black in the First Agreement and the Second Agreement, Fitts paid a deposit of $25,000.00 plus a $5,000.00 travel fee and $2,500 booking fee.

14. Kodak Black repaid the $25,000.00 deposit to Fitts, but the travel and bookings fees were never re-paid, totaling $7,500.00.

15. In reliance on the terms agreed upon in the First Agreement, the Second Agreement, and the Third Agreement (collectively, the "Agreements"), Fitts paid over $40,000.00 for goods and services related to the March 3 Show, the April 15 Show, and the April 29 Show (collectively, the "Shows"), including but not limited to venue rental, after parties, opening acts, insurance, outdoor tents and furniture, sound equipment, stage backdrop, radio advertising and flyers.

16. For the Shows, Fitts suffered a loss of ticket revenue, directly resulting from Kodak Black's refusal to fulfill his contractual obligations under the terms of the Agreements, totaling more than $500,000.00, including reimbursement of funds from ticket presales.

17. Presently, other than recovering an amount covering the originally paid deposit (totaling $25,000.00), Fitts has not received any goods and/or services from Kodak Black regarding the Shows and Agreements, or reimbursement of funds he expended pursuant to the contracts.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

18. Fitts hereby incorporates and re-alleges the assertions in paragraphs 1 to 17 as if fully set forth herein.

19. Pursuant to the terms set forth and agreed upon in the First Agreement, Fitts and Kodak Black entered into a valid and enforceable contract, vesting performance obligations in both parties related to the March 3 Show.

20. Fitts performed the obligations vested in him by the terms of the First Agreement.

21. Kodak Black knowingly, intentionally, and materially breached his obligations under the First Agreement by willfully declining to perform at the March 3 Show, and failing to provide any notice to Fitts regarding his intention not to perform.

22. As a direct and proximate result of Kodak Black's breach of the First Agreement, Fitts has suffered, and continues to suffer, damages.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

23. Fitts hereby incorporates and re-alleges the assertions in paragraphs 1 to 22 as if fully set forth herein.

24. Pursuant to the terms set forth and agreed upon in the Second Agreement, Fitts and Kodak Black entered into a valid and enforceable contract, vesting performance obligations in both parties related to the April 15 Show.

25. Fitts performed the obligations vested in him by the terms of the Second Agreement.

26. Kodak Black knowingly, intentionally, and materially breached his obligations under the Second Agreement by willfully declining to perform at the April 15 Show, and failing to provide any notice to Fitts regarding his intention not to perform.

27. As a direct and proximate result of Kodak Black's breach of the Second Agreement, Fitts has suffered, and continues to suffer, damages.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

28. Fitts hereby incorporates and re-alleges the assertions in paragraphs 1 to 27 as if fully set forth herein.

29. Pursuant to the terms agreed upon in the Third Agreement, Fitts and Kodak Black entered into a valid and enforceable contract, vesting performance obligations in both parties related to the April 29 Show.

30. Fitts performed the obligations vested in him by the terms of the Third Agreement.

31. Kodak Black knowingly, intentionally, and materially breached his obligations under the Third Agreement by willfully declining to perform at the April 29 Show, and failing to provide any notice to Fitts regarding his intention not to perform.

32. As a direct and proximate result of Kodak Black's breach of the Third Agreement, Fitts has suffered, and continues to suffer, damages.

### FOURTH CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Fitts hereby incorporates and re-alleges the assertions in paragraphs 1 to 32 as if fully set forth herein.

34. Implicit in each of the Agreements was a duty for all parties to perform the contractual obligations in good faith.

35. Kodak Black violated this duty by refusing to carry out the obligations vested in him under the Agreements.

36. Kodak Black has acted in bad faith, to the detriment of Fitts and his business.

37. Kodak Black's actions in bad faith constitute material breaches of the implied duties he would act in good faith and deal fairly with Fitts, with whom Kodak Black had a contractual relationship, and to whom Kodak Black owed a duty of good faith and fair dealing.

38. As a direct and proximate result of Kodak Black's breach of the implied covenant of good faith and fair dealing, Fitts has suffered, and continues to suffer, damages.

39. Kodak Black's bad faith actions in breach of the implied covenant of good faith and fair dealing were willful and wanton and in reckless disregard of Fitts' rights, entitling Fitts to damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Fitts prays the Court enter judgment against Defendant as follows:

1. That Fitts be awarded compensatory damages suffered as a result of Defendant's actions.

2. That Fitts recover from Defendant additional damages to which he is legally entitled, including costs, interest, and reasonable attorney's fees, pursuant to A.R.S. § 12-341.01.

3. That Fitts have such other and further relief as is warranted by the facts established at trial, or which this Court may deem as just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 2nd day of April, 2019.

>  */s/ Alan S. Clarke*
>  Alan S. Clarke
>  *Pro Hac Vice Admission Forthcoming*
>  aclarke@taylorenglish.com