WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Fitts, | No. CV-19-02208-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Dieuson Octave, | |
| Defendant. | |

Plaintiff moves for default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 13.) No response has been filed and the time for filing one has passed. For reasons stated below, default judgment is appropriate.

**I. Background**[1]

Plaintiff is in the business of booking and promoting talent for shows. Defendant is a well-known rapper, who previously went by the stage name Kodak Black and currently goes by the alias Bill K. Kapri. On January 1, 2017, Plaintiff and Defendant entered into a Talent Engagement Agreement, in which Defendant agreed to perform on March 3, 2017 as the headlining artist at the Main Street Armory in Rochester, New York. After Defendant failed to appear, Plaintiff and Defendant executed a second Talent Engagement Agreement in which Defendant agreed to "make up" the missed performance by

---

[1] The following facts, drawn from Plaintiff's complaint and the exhibits appended to his motion for default judgment, are presumed true for purposes of this order. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

performing as the headlining artist at the Blue Cross Arena in Rochester, New York on April 15, 2017. Again, Defendant did not appear. Plaintiff and Defendant then executed a third agreement, in which Defendant agreed to perform on April 29, 2017, but Defendant failed to appear once more.

On April 4, 2019, Plaintiff brought this action, alleging three breach of contract claims and a claim for breach of the implied covenant of good faith and fair dealing. (Doc. 1.) Defendant was served with the summons and complaint on May 16, 2019, but failed to appear or otherwise respond to the complaint. (Doc. 13.) The Clerk of the Court entered default as to Defendant on June 13, 2019. (Doc. 12.) The Court then held an evidentiary hearing on September 9, 2019, to assess damages. (Doc. 18.) Plaintiff, pursuant to the Court's request, thereafter filed supplemental damage calculations and billing records. (Docs. 21-23.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Discussion

The first *Eitel* factor weighs in favor of default judgment. Defendant failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment.

The second, third, and fifth *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that Plaintiff has stated plausible claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Moreover, given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Here, Plaintiff seeks damages, including attorneys' fees and costs, in the amount of $154,960. (Doc. 23.) This amount is rationally related to Defendant's misconduct in repeatedly failing to perform multiple contracts and the financial harm caused to Plaintiff.[2]

Turning to the sixth factor, Defendant was properly served with process in this matter. He also was served with copies of the application for default and the present motion for default judgment. It therefore "is unlikely that Defendant's failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

---

[2] Nevertheless, having thoroughly reviewed Plaintiff's briefing on the matter (Docs. 21-23), the Court has reduced Plaintiff's damages to $91,095.05 for the reasons described below.

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendant's failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiff has asserted plausible claims for relief to which Defendant has failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

**IV. Damages**

To calculate the damages to which Plaintiff is entitled for Defendant's breach of contract and breach of implied covenant of good faith and fair dealing,[3] the Court must first look to the Talent Engagement Agreements between Plaintiff and Defendant. These contracts are governed by Arizona law. (Doc. 21-5 at 3.) Under Arizona law, "damages for breach of contract are those damages which arise naturally from the breach itself[.]" *All Am. Sch. Supply Co. v. Slavens*, 609 P.2d 46, 48 (Ariz. 1980). "Damages that are speculative, remote or uncertain may not form the basis of a judgment." *Coury Bros. Raches. Inc. v. Ellsworth*, 446 P.2d 458, 464 (Ariz. 1986). Here, the damages suffered by Plaintiff arise from Defendant's breach, namely, his failure to perform. Thus, Plaintiff is entitled to recover the value that he has demonstrated he would have received but for Defendant's failure to perform. Plaintiff has shown that, had Defendant performed, Plaintiff would have profited in the amount of $128,290 from ticket sales, minus $46,732.80 in post-event expenses, totaling $81,557.20.[4] (Doc. 22 at 2.) As a result,

---

[3] The Court treats the breach of contract claims and the breach of implied covenant of good faith and fair dealing claim under the same umbrella, because the proper remedy for a breach of implied covenant of good faith and fair dealing "is ordinarily by action on the contract[.]" *Burkons v. Ticor Title Ins. Co. of Cal.*, 813 P.2d 710, 720 (Ariz. 1991).

[4] Plaintiff requests that he also recover the amount invested prior to the event. (Doc. 22 at 2.) However, had Defendant performed, Plaintiff would not have recovered this amount. Consequently, Plaintiff's request is denied.

damages in the amount of $81,557.20 are appropriate.

Next, turning to attorneys' fees and costs, Plaintiff is entitled to $9,537.85. Counsel for Plaintiff requests $10,947.61 in fees and costs pursuant to A.R.S. § 12-341.01.[5] (Doc. 21 at 2, 4.) The Court may award fees in an amount that is reasonable; the amount awarded "need not equal or relate to the attorney fees actually paid or contracted[.]" Here, the Court in its discretion determines that a reduction of the fee award to $9,537.85 is appropriate. First, the Court reduces each recoverable fee resulting from block billing entries by 20%.[6] *See Banas v. Volcano Corp.*, 47 F. Supp. 957, 969 (N.D. Cal. 2014). Second, the Court subtracts a further 10% from this adjusted figure to account for inefficiencies.[7] *See Rosenfield v. U.S. Dept. of Justice*, 904 F. Supp. 2d 988, 1009 (N.D. Cal. 2012).

In sum, Plaintiff is entitled to recover $91,095.05.

## V. Conclusion

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against Defendants is appropriate under Rule 55(b).

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 13) is **GRANTED**. Default judgment shall be entered in favor of Plaintiff and against Defendant in the amount of **$91,095.05**.

//

//

---

[5] Section 12-341.01 gives the Court discretion to award attorneys' fees to the movant in a motion for default judgment in an action arising out of contract. *Best Western Int'l, Inc. v. N3A Mfg., Inc.*, No. CV-16-02367-PHX-SPL, 2018 WL 1456310, at *3 (D. Ariz. March 23, 2018) (citing *Merkens v. Fed. Ins. Co.*, 349 P.3d 1111, 1116 (Ariz. Ct. App. 2015); *Hall v. Read Dev. Inc.*, 274 P.3d 1211, 1213 (Ariz. Ct. App. 2012))

[6] Block billing entries include .8 hours on February 13, 2019 (Doc. 21-2 at 4), .9 hours on March 18, 2019 (*Id.* at 5), .9 hours on April 8, 2019 (*Id.* at 7), 1.25 hours on June 12, 2019 (Doc. 21-3 at 3), and 1.5 hours on June 18, 2019 (*Id.*). A 20% reduction in these awards equals $350.

[7] As an example of such inefficiencies, counsel for Plaintiff billed 8.7 hours related to the drafting, reviewing and filing of Plaintiff's non-complex, eight-page complaint. (Doc. 1; Doc. 21-2 at 6-7.)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in accordance with this order and terminate this case.

Dated this 11th day of October, 2019.

Douglas L. Rayes
United States District Judge